**This order is SIGNED.**

**Dated: December 12, 2023**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

rdr

---

*Prepared and submitted by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for the Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Bankruptcy No. 23-23514 (KRA) |
|---|---|
| RASPBERRY CREEK FABRICS, LLC, | Chapter 11 |
| Debtor. | (Subchapter V) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION DATED NOVEMBER 20, 2023**

The matter before the Court is the *Debtor's Plan of Reorganization dated November 20, 2023* [Docket No. 34] (as amended by the Confirmation Order, the "Plan"), filed by Raspberry Creek Fabrics, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). On December 12, 2023, the Court held a hearing on the confirmation of the Plan, at which counsel for the Debtor, counsel for the United States Trustee, and the SBRA Trustee appeared. Other parties-in-interest made their appearance on the record at the hearing.

Based upon the presentation and arguments set forth at the hearing, the evidence set forth on the Docket in the Case, including the *Declaration of Diana Rammell in Support of Confirmation of Plan of Reorganization* [Docket No. 43] (the "Rammell Declaration"), the *Ballot Tabulation Register* [Docket No. 42] (the "Ballot Register"), and other papers filed concerning the Plan [*e.g.*, Docket Nos. 23, 25, 26, 35, 37 and 38], as well as the arguments raised by the Debtor in the *Debtor's Memorandum in Support of Confirmation of Debtor's Chapter 11 Plan of Reorganization Under Subchapter V* [Docket No. 44] (the "Memorandum") and by Brian Rothschild, the duly appointed Subchapter V Trustee in the Case (the "Trustee") in his *Brief of Subchapter V Trustee in Support of Confirmation of Small Business Chapter 11 Plan* [Docket No. 39] (the "Trustee's Brief"), having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

    A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

    B.    <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

4896-0473-2053, v. 3

Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

      C.      <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Motion, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules and this Court's *Order Granting Debtor's Ex Parte Motion to: (i) Approve Solicitation Procedures and Deadlines; (ii) Approve Forms of Ballots; and (iii) Establish Deadlines for Voting on and Objecting to Debtor's Plan and Setting Hearing for Confirmation of Debtor's Plan* [Docket No. 24]. <u>See</u> Certificate of Service, Docket No. 26. The Plan and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. Any modifications of and to the Plan, including any modifications made under the Confirmation Order, are immaterial in that they do not adversely change the treatment under the Plan of any creditor, and under Bankruptcy Rule 3019(a), the modifications are deemed accepted by all creditors who have previously accepted the Plan. No other or further notice of the Plan or Motion is or shall be required.

      D.      <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the

Plan complied with § 1126,[3] Bankruptcy Rules 3017.2 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor's solicitation of votes on the Plan was proper and done in good faith.

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. <u>Acceptance of Plan</u>. The Plan establishes five Classes of Claims and one Class of Equity Interests. Based on the Rammell Declaration, the Ballot Register, and a review of the Debtor's Schedules and the Claims Register maintained by the Court, there are no holders of Class 1 or 5 Claims. To the extent that there are holders of Class 1 or Class 5 Claims, no such holders submitted ballots or objected to the Plan. Additionally, Class 3 did not submit a ballot or object to the Plan. Accordingly, Classes 1, 3, and 5 are deemed to have accepted the Plan under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988) (presuming acceptance of class of creditors that did not return a ballot and did not timely object to confirmation). Classes 2 and 4 are impaired and were entitled to vote on the Plan. The holders of Claims in Classes 2 and 4 who returned Ballots unanimously voted to accept the Plan. Class 6 is unimpaired and, as such, automatically is presumed to accept the Plan.

G. <u>Plan Complies with Bankruptcy Code</u>. The Plan, as supplemented and

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

4

4896-0473-2053, v. 3

modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §§ 1129(a)(1) and 1191(a).

      i.    <u>Proper Classification</u>.  As required by § 1123(a)(1), Article 3 of the Plan properly designates classes of Claims and classifies only substantially similar Claims in the same classes pursuant to § 1122.

      ii.    <u>Specify Unimpaired Classes</u>.  The Plan specifies Class 6 as unimpaired. All other classes of claims are impaired.

      iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 5 are designated as impaired under the Plan.  Article 4 of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

      iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) have agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

      v.    <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Articles 5 and 6 of the Plan provide for (a) the vesting of the property of the Debtor and its chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the Reorganized Debtor's use and retention of property, (c) the continuation of normal business operations by the Reorganized Debtor, and (d) distributions to creditors equal to the Reorganized Debtor's projected Disposable Income.

      vi.    <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is satisfied in that the Plan does not contemplate or allow for the issuance of nonvoting securities or a change in any voting powers.

   vii. <u>Selection of Manager(s)</u>.  Section 1123(a)(7) is satisfied in that the Plan provides that Diana Rammell shall continue to manage the Reorganized Debtor and shall paid at a reasonable salary, in a set amount for the Plan Period. Ms. Rammell is the person most knowledgeable about the Debtor's business, and the management of the Debtor by Ms. Rammell is in the best interests of creditors and is consistent with public policy.

   viii. <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtor of claims, and (c) modification of the rights of holders of secured claims.  Thus, § 1123(b) is satisfied.

   ix. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

  H. <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

   i. The Debtor is a proper proponent of the Plan under § 1121(c).

   ii. The Debtor complied with the applicable provisions of the Bankruptcy Code, including §§ 1181 – 1195 (as applicable), the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

  I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of

4896-0473-2053, v. 3

§ 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan:

- The Debtor filed the bankruptcy case and proposed the Plan for a valid reorganizational purpose.

- The Debtor is actively prosecuting its bankruptcy case, including by filing and prosecuting its Plan.

- The Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing a return to creditors.

- The Plan contemplates distributions to the holders of allowed claims from the contribution of the Debtor's Disposable Income.

- This is not a case involving a single creditor and instead involves multiple creditors.

- The Debtor filed the bankruptcy case having a reasonable possibility of reorganization.

- The Plan is feasible, practicable and there is a reasonable likelihood that the confirmed plan will achieve its intended results, which are consistent with the Bankruptcy Code.

J.  <u>Payments for Services or Costs and Expenses</u>.  Pursuant to section 2.2 of the Plan, all fees and expenses of Professionals incurred through and including the Effective Date will be subject to the Court's approval and will be paid through the application of retainers held by such Professionals or through the Debtors' Plan

Payments, as authorized by § 1191(e) (or as otherwise agreed by the Debtors and the holder of such Claim, consistent with § 1129(a)(9)).  Moreover, section 10.1 of the Plan provides that this Court will retain jurisdiction after the Effective Date to hear and determine all applications by Professionals and others for compensation and reimbursement of expenses relating to the period prior to the Effective Date.  Accordingly, the Plan complies with § 1129(a)(4).

K. <u>Reorganized Debtor as Successor to Debtor</u>.  The Plan states that the Reorganized Debtor shall succeed the Debtor and shall make the Plan Payments provided for in the Plan. The Reorganized Debtor's service is consistent with the interests of the holders of Claims and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>.  The Plan provides that each holder of a Claim will receive or retain under the Plan on account of their Claim property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee.  As such, § 1129(a)(7) is satisfied.

N. <u>Acceptance by Classes of Claims</u>.  As detailed above, the Plan was unanimously accepted by all Classes of Claims or, under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988), all other Classes of Claims are deemed to accept the Plan for purposes of section 1129(a)(8).

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan provides, in Article 2, for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

P. <u>Acceptance by at Least One Impaired Class</u>. As set forth in the Ballot Register, Classes 2 and 4 are impaired Classes of Claims, and both Classes of Claims voted unanimously to accept the Plan, even when determined without considering the acceptance of the Plan by any insider. Therefore, the Debtor satisfies the requirements of § 1129(a)(10).

Q. <u>Feasibility</u>. The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor. The Court is satisfied that the Plan offers a reasonable prospect of success and is workable. The monthly operating reports submitted by the Debtor in the Case to date show that the Debtor's projected Disposable Income is a reasonable projection of the Debtor's disposable income for the Plan Period, as that term is used in § 1191(d). As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid, are not required to be paid, or will be paid on or before the Effective Date, pursuant to Section 2.2 of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>. The Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>. The Debtor does not have any

9

domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U.	1129(a)(15).  Bankruptcy Code § 1129(a)(15) is inapplicable in an SBRA Case and in a non-individual case.

V.	Transfers Will Comply with Non-Bankruptcy Law.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable non-bankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W.	Debtor is the Proponent of the Plan.  The Debtor is the proponent of the Plan.  As such, the requirements of § 1189 are satisfied.

X.	Principal Purpose of Plan.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Y.	Debtor is Entitled to Discharge Upon Effective Date.  Consistent with Section 12.4 of the Plan and Bankruptcy Code §§ 1181(a) and (c), 1191(a) and 1141(d), the Debtor will be discharged from any debt that arose before entry of the Confirmation Order, to the extent specified in § 1141(d)(1)(A) and the terms of the Plan.

Z.	Trustee to be Discharged from Duties.  Consistent with Section 5.3 of the Plan and Bankruptcy Code § 1183(c), the duties of the Trustee shall cease upon substantial consummation of the Plan.

AA.	SBA Stipulation Should be Approved and Incorporated. The *Stipulation Resolving SBA's Potential Objection to Confirmation of Plan and Motion to Approve Stipulation* [Docket No. 38] (the "SBA Stipulation") represents fair, equitable, and

10

acceptable treatment of the SBA's Class 4 Claim. The Debtor and the United States Small Business Administration (the "SBA") entered into the SBA Stipulation in good faith, and the SBA Stipulation represents a valid and acceptable exercise of the Debtor's business judgment. The SBA Stipulation should be deemed to be fully incorporated into the Plan and, to the extent of any inconsistency between the Plan and the SBA Stipulation, the SBA Stipulation should control and supersede the Plan. The SBA Stipulation and the settlement and compromise provided for therein should be approved pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 1123(b)(3).

BB. In summary, the Plan complies with, and the Debtor satisfies, all applicable confirmation requirements, and the Plan will be confirmed under § 1191(a) by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

4896-0473-2053, v. 3

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Findings and Conclusions Regarding Confirmation of Debtor's Plan of Reorganization Dated November 20, 2023 shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **John S. Gygi**   john.gygi@sba.gov
- **George B. Hofmann**   ghofmann@ck.law, mparks@ck.law;apetersen@ck.law
- **Peter J. Kuhn**   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Brian M. Rothschild tr**   brothschild@parsonsbehle.com, ecf@parsonsbehle.com,docket@parsonsbehle.com;ecf.alert+Rothschild@titlexi.com;cbmr11@trustesolutions.net
- **Nicola G. Suglia**   nsuglia@fleischerlaw.com
- **Jeffrey L. Trousdale**   jtrousdale@cohnekinghorn.com, mparks@ck.law;apetersen@ck.law
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

None

/s/ Jeffrey Trousdale

4896-0473-2053, v. 3